IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PATRICIA FINDLEY, )
)
        Plaintiff, )
)
v. ) No. 04-4025-CV-C-FJG-SSA
)
JO ANNE B. BARNHART, )
Commissioner, Social Security )
Administration )
)
        Defendant. )

# ORDER

This lawsuit involves a claim for disability benefits under Title II of 42 U.S.C. § 401 et seq. Plaintiff's claim was denied initially and a request for hearing was timely filed. Thereafter, plaintiff requested an administrative hearing. On June 10, 2003, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On December 19, 2003, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

    The standard for judicial review of an ALJ's denial of benefits is as follows:

    We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the

evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues that the ALJ committed reversible error by finding that the plaintiff did not have a severe impairment due to her dizziness and headaches. Plaintiff argues that the ALJ completely ignored the evidence in the record on this issue. Plaintiff also argues that the ALJ erred by failing to make an adequate analysis of the requirements of plaintiff's past relevant work as it related to her needing to use both arms frequently. Additionally, plaintiff argues that the ALJ failed to take into account plaintiff's problems with dizziness and her headaches in his residual functional capacity analysis. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ erred in failing to find that plaintiff's suffered from a severe impairment and also failed to conduct a proper residual functional capacity assessment.

Plaintiff asks that the Court remand this case so that a proper determination in accordance with substantial evidence, the Commissioner's own regulations and the law in the Eighth Circuit can be conducted. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's impairments and her residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final

decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the

Commissioner is hereby **REVERSED AND REMANDED.**


Date: September 30, 2005                **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                  Fernando J. Gaitan Jr.
                                              United States District Judge